UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL EUGENE GAREE, JR., <br><br> Plaintiff, <br><br> v. <br><br> STEWART, *et al.*, <br><br> Defendants. | Case No.: 2:22-cv-01735-MMD-NJK <br><br> **Order** |

On October 17, 2022, pro se plaintiff Samuel Eugene Garee, Jr., an inmate in the custody of the Clark County Detention Center, filed an application to proceed *in forma pauperis* and a complaint under 42 U.S.C. § 1983. Docket Nos. 1, 1-1. Plaintiff's application to proceed *in forma pauperis* is incomplete because (1) the financial certificate is not signed by both Plaintiff and a jail official, and (2) Plaintiff did not submit an inmate trust fund account statement for the previous six-month period. The Court will deny Plaintiff's application without prejudice and give Plaintiff the opportunity to correct these deficiencies **by December 19, 2022**.

**I.   DISCUSSION**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Local Special Rule 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed** *in Forma Pauperis* **for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a jail official; and (3) a copy of the **inmate's jail trust fund account statement for**

1

**the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Local Special Rule 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee; it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

As explained above, Plaintiff's application to proceed *in forma pauperis* is incomplete. The Court will therefore deny Plaintiff's application to proceed *in forma pauperis* without prejudice and grant Plaintiff an extension of time to either pay the filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents.

**II. CONCLUSION**

It is therefore ordered that the application to proceed *in forma pauperis*, Docket No. 1, is **DENIED** without prejudice.

It is further ordered that Plaintiff has **until December 19, 2022,** to either pay the full $402 filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and a jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order.

The Clerk of the Court is directed to send plaintiff Samuel Eugene Garee, Jr. the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and retain the complaint, Docket No. 1-1, but not file it at this time.

IT IS SO ORDERED.

DATED: October 18, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE